IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHRISTIAN OCHSNER**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 8888 |
| ) | |
| **DEUTSCHE BOERSE SYSTEMS INC.**, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Deutsche Boerse Systems Inc. ("DBS") has filed its Answer to the Complaint of employment discrimination filed against it by its ex-employee Christian Ochsner ("Ochsner"). This memorandum order is issued sua sponte because DBS' counsel has engaged in the all-too-common practice of inappropriately overtechnical pleading that tends to defeat the notice pleading purpose established by the Federal Rules of Civil Procedure ("Rules"). What follows may not be exhaustive, but it suffices to require a total do-over by DBS' counsel.

For one thing, counsel repeatedly responds to all of the allegations in a paragraph of Ochsner's Complaint and then concludes the response with a meaningless denial of "the remaining allegations in Paragraph --." See, for example, Answer ¶¶ 2, 3, 4, 5, 12 and 13 -- and the list goes on. Because such purposed denials leave the reader in the dark as to what (if anything) is in dispute, that usage must be abandoned.

Next, counsel on occasion inserts a disclaimer, or perhaps some volunteered assertion, in purported response to a nonexistent allegation in a Complaint paragraph. For example, Answer ¶ 7 includes this gratuitous statement even though Complaint ¶ 7 says nothing about a claimed exhaustion of administrative remedies:

DBS denies that plaintiff exhausted administrative remedies for all of the
allegations in the instant Complaint.

Although the matters already referred to are merely examples -- as stated earlier, they are not intended to be exhaustive -- they should assist in enabling DBS' counsel to take a fresh look at the responsive pleading and reshape it in a constructive way. In so doing, counsel should also engage in a comparable reconsideration of some problematic aspects of several of the affirmative defenses ("ADs") that follow the Answer itself:

1. AD 1 asserts a statute of limitations bar, but it is predicated on this mistaken premise:

    Only allegations based upon events that occurred more than 300 days before August 19, 2016,[1] i.e., October 24, 2015, may be considered timely and properly brought before this Court.

    It is course true that allegations as to such earlier events are not themselves actionable, but they may certainly be relevant toward proof of DBS' allegedly discriminatory intent (or perhaps other aspects of Ochsner's proof). AD 1 is accordingly stricken.

2. Because AD 2 asserts that Ochsner's allegations that he was subjected to a hostile work environment "are outside the scope of his EEOC charge of discrimination," while the Complaint has not attached a copy of that charge, AD 2 remains in the case. Under the circumstances, of course, no substantive view is expressed on that issue by this Court.

---

[1] [Footnote by this Court] That was the date of receipt of EEOC's right-to-sue letter.

3. AD 3 challenges the Complaint's naming of DBS alone as defendant on the ground that Ochsner "was not an employee of DBS until June 28, 2016." But with the allegations of the Complaint taken as true (as is required for AD purposes), for now it must be assumed U.S. Exchange Holding, Inc. operated on an integrated basis with DBS. Again that poses a factual issue, and AD 3 is accordingly left in place as well.

4. AD 4 asserts in part that Ochsner "voluntarily resigned his employment with DBS," an untenable assertion in light of the Complaint's allegations. DBS also alleges alternatively that Ochsner "has waived any claim" for lost wages and benefits because he has not alleged attempted mitigation -- an assertion that stands the doctrine of mitigation on its head. Hence AD 4 is stricken too.

5. AD 5 asserts a failure on Ochsner's part to take advantage of DBS' procedures in dealing with claims of discrimination. That AD may remain for now, once again with no expression on the part of this Court as to its merits.

6. Finally, AD 6 asserts DBS' good faith and reasonableness, but that is at odds with Ochsner's allegations -- which, it must be remembered, are taken as true for AD purposes. Accordingly AD 6 is stricken.

There is more, but the point made earlier is that the fundamental function of federal pleading is to clarify just what things are and what things are not in issue between the litigants. Accordingly DBS' counsel are ordered to return to the drawing board to reshape its responsive

pleading in a way that serves that purpose.

Because there are so many matters in DBS' Answer and ADs that require further consideration and reshaping, and to facilitate the reader's ability to look to a single pleading, DBS' entire responsive pleading is stricken (without prejudice, except for matters that have been stricken here unconditionally). Leave is of course granted to file an Amended Answer and ADs on or before October 28, 2016.

                                                                                      Milton I. Shadur
                                                                                      Senior United States District Judge

Date: October 11, 2016